# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>GREAT PLAINS EXPLORATION, LLC,<br><br>        Debtor.<br>-----------------------------------------------------------<br>WELLS FARGO EQUIPMENT FINANCE, INC.,<br><br>        Movant,<br>   v.<br><br>GREAT PLAINS EXPLORATION, LLC,<br><br>        Respondent. | Case No. 12-10058-TPA<br><br>Chapter 11<br><br>Chief Judge Thomas P. Agresti<br><br>Related to Doc. Nos. 608 & 640<br><br><br>Hearing Date: August 29, 2013<br>Hearing Time: 10:30 a.m. |

**DEBTOR'S RESPONSE TO THE MOTION TO CONVERT CASE FROM CHAPTER 11 TO CHAPTER 7 FILED BY WELLS FARGO EQUIPMENT FINANCE, INC.**

      AND NOW, comes Great Plains Exploration, LLC ("Great Plains" or the "Debtor"), by and through its counsel, Bernstein-Burkley, P.C., and files this Response to the Motion to Convert Case from Chapter 11 to Chapter 7 filed by Wells Fargo Equipment Finance, Inc. ("Wells Fargo"), as follows:

      1.     At a Status Conference on August 8, 2013, counsel for the Debtor and RBS Citizens reported significant progress toward a consensual Plan of Reorganization. Counsel for the Debtor reported that the goal of a fully consensual Plan required coming to agreement on the treatment of Wells Fargo's claims.

      2.     On August 12, 2013, after the Status Conference, the Court entered an Order (Doc. No. 654) requiring Debtor to file a Final Disclosure Statement and Plan by September 23, 2013.

3. As to the substance of the Wells Fargo Motion, debtor counters that Wells Fargo is adequately protected by its lien on the collateral, is receiving interest payments in accordance with the prior adequate protection stipulation, and does not set forth sufficient grounds for converting the case.

4. Debtor's Plan has not been denied confirmation. Debtor's Disclosure Statement remains under consideration by the Court. Debtor continues its attempts to work through the objections and arrive at a Plan and Disclosure statement, which must be filed by September 23, 2013.

5. Wells Fargo is adequately protected by its collateral and the interest payments. No other creditor seeks to convert the case to Chapter 7. On the contrary, other creditors continue to work with the Debtor to fashion reorganization in this case.

6. The Debtor submits that if Wells Fargo feels that its protection is inadequate, it has the ability to bring that concern to the attention of the Court by way of its Motion for Relief from Stay, which the Debtor also believes in not well made.

7. Conversion is neither warranted nor appropriate under the circumstances of this case.

WHEREFORE, Debtor respectfully requests that this Honorable Court enter an Order denying Wells Fargo's Motion to Convert Case from Chapter 11 to Chapter 7.

Dated:  August 22, 2013  Respectfully submitted,

**BERNSTEIN-BURKLEY, P.C.**

By: */s/Robert S. Bernstein*
Robert S. Bernstein, Esquire
rbernstein@bernsteinlaw.com
PA I.D. # 34308
Suite 2200, Gulf Tower
Pittsburgh, PA 15219
(412) 456-8101
Fax: (412) 456-8251

*Counsel for Great Plains Exploration, LLC*