IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>GREAT PLAINS EXPLORATION,<br><br>Debtor. | Bankruptcy No. 12-10058-TPA<br><br>Chapter 11 |

## PLAN SUMMARY TO ACCOMPANY DEBTOR'S THIRD AMENDED CHAPTER 11 PLAN OF REORGANIZATION DATED DECEMBER 2, 2013

Great Plains Exploration, LLC (the "Debtor"), along with Oz Gas, Ltd. and John D. Oil (collectively the "Debtors,) have negotiated a private sale of the certain assets consisting principally of Debtors' mineral leases, wells, pipelines and related (well-operating) equipment for a price sufficient to pay all of the Debtors' obligations under their respective Plans. The Private Sale is expected to close not later than March 14, 2014, in order to permit timely remittance of the RBS Settlement Payment. The Assets of the Estate will vest or re-vest in the Reorganized Debtor on the Effective Date.   The Plan will become effective ("Effective Date") the date of the entry of the Confirmation Order, provided that the conditions precedent set forth in Section 12.2 of the Plan are satisfied.

The Plan provides for a possible delay of fifteen days, resulting in the RBS Delayed Settlement Payment, providing a significant incentive for the Debtors to close on the Private Sale on or before March 14, 2014.

The Confirmation Order shall appoint a Plan Administrator, designated by RBS, who shall have no authority to affect the property or operations of the Debtor unless neither the RBS Settlement Payment nor the RBS Delayed Settlement Payment is paid by March 31, 2014, unless extended by RBS.  Upon such failure to pay RBS, unless the date is extended, the Plan Administrator shall expose the assets of the Debtors' to a Public Sale pursuant to a Motion for Sale.

The Plan provides that the Debtor will pay its creditors as follows:

<u>Administrative Claims</u>.  Each Allowed Administrative Expense Claim (other than the Administrative Expense Claims of Professionals, which are addressed in Section 3.2 of the Plan) shall be paid by the Estate in Cash, in full, by the later of (i) the Effective Date, or (ii) five (5) Business Days after the date such Claim becomes an Allowed Claim.

<u>Class 1:  Priority Claims</u>.  Class 1 consists of all Priority Claims.  Unless the Debtor and the holder of such Claim agree to a different treatment, each holder of an Allowed Priority Claim shall be paid in full, in Cash, upon the later of (a) the Effective Date, or (b) five (5) Business Days from the date on which such Claim is Allowed.  Class 1 is Unimpaired, and the holders of Class 1 Claims are conclusively deemed to have accepted the Plan pursuant to section 1126(f) of

the Bankruptcy Code.  Therefore, the holders of Class 1 Claims are not entitled to vote to accept or reject the Plan.

Class 2:  Secured Claim of RBS Citizens, N.A. d/b/a Charter One.  RBS Citizens, N.A. d/b/a Charter One ("RBS") is a common secured creditor of the Debtor and related debtors, Oz Gas LTD ("Oz Gas") and John D. Oil and Gas Company ("John D.").  The Class 2 Claims of RBS shall be paid $10.8 million and, in exchange, all Osborne Released Claims shall be fully released and discharged, including, without limitation, claims against the Debtors and Richard M. Osborne.

Class 2 is Impaired, and the holder of a Class 2 Claim is entitled to vote to accept or reject the Plan. The Plan also includes a mutual release between certain non-debtors and RBS

Class 3:  Other Secured Claims.  Class 3 consists of all allowed secured claims against the Debtor, other than the claim of RBS.  The majority of such claims are held by equipment-finance lenders.  Holders of Allowed Other Secured Claims which are secured by Collateral included in the Private Sale will be paid an amount agreed by the Creditor and the Debtor (or Determined by the Court) from the proceeds of the Private Sale, for the Collateral sold. Holders of Allowed Other Secured Claims which are secured by Collateral **not** included in the Private Sale shall be granted relief from the Automatic Stay (and any injunction granted by the Confirmation of this Plan) effective 30 days after the Private Sale, but no later than April 15, 2014.  The Claims of Class 3 are unimpaired and the holders of claims in this Class are deemed to have accepted the Plan and are not entitled to vote.

Class 4:  General Unsecured Claims.  Class 4 consists of all allowed General Unsecured Claims against the Debtor.  Each holder of an Allowed Class 4 Claim shall receive 50% of the Allowed Amount, to be paid within 30 days of the closing of the Private Sale. The Claims of Class 4 are impaired and the holders of claims in this Class are entitled to vote to accept or reject the Plan.

Class 5: Equity Interests.  Class 5 consists of all Equity Interests in the Debtor.  The holders of Class 5 Equity Interests shall retain their interests. Class 5 is Unimpaired, and the holders of Class 5 Claims are conclusively deemed to have accepted the Plan are not entitled to vote.

**RELEASES**

1. The Plan includes a release of the Debtor (including all present and former members thereof) and its attorneys, accountants, and advisors from claims related to the conduct of the Chapter 11 case.

2. The Plan includes a mutual release between certain non-debtors and RBS.