IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

| | | |
|---|---|---|
| OZ GAS, LTD, | : | Case No. 12-10057-TPA |
| *Debtor* | : | Chapter 11 |
| | : | Hearing: February 19, 2014 at 10:00 A.M. |

AND

IN RE:

| | | |
|---|---|---|
| GREAT PLAINS EXPLORATION, LLC, | : | Case No. 12-10058-TPA |
| *Debtor* | : | Chapter 11 |
| | : | Hearing: February 19, 2014 at 10:00 A.M. |

AND

IN RE:

| | | |
|---|---|---|
| JOHN D. OIL AND GAS COMPANY | : | Case No. 12-10063-TPA |
| *Debtor* | : | Chapter 11 |
| | : | Hearing: February 19, 2014 at 10:00 A.M. |

## <u>ORDER TO SHOW CAUSE</u>

These three related cases, all filed more than two years ago, have obviously stalled,

with seemingly little reasonable prospect of the Debtors being able to obtain confirmed plans of

reorganization.  At a Status Conference held on December 12, 2013, to discuss the *Third Amended*

*Chapter 11 Plan* ("Plan") filed by the Debtors, a number of the large creditors appeared and, not for

the first time, expressed serious doubts about the *Plan*.  Questions were once again raised about

third-party releases contained in the *Plan*, whether the *Plan* meets the requirements of the Absolute

Priority Rule, and the lack of any identified buyer or purchase price given the centrality of a sale to

1

the overall *Plan*. The Court itself expressed a number of concerns about the *Plan*, including the proposed third-party releases. The Court nevertheless allowed the process to continue moving forward, scheduling a hearing on the accompanying *Third Amended Disclosure Statement* ("Disclosure Statement") for January 27, 2014 and requiring the Debtors in the meantime to supplement the *Disclosure Statement* by providing additional information about the proposed releases.

Most recently, on January 16, 2014, the Debtors each filed a *Motion to Continue Hearing on Third Amended Disclosure Statement and to Extend Deadline for Objections* ("Motion"). The *Motion* represented that a proposed private sale is the "centerpiece" of the *Plan*, and that the still unidentified potential buyer would not even consider the possibility of entering into a sale agreement until its regular board meeting scheduled for January 29, 2014. The Debtors claim that they urged this proposed buyer to move up the board meeting to a date before the *Disclosure Statement* hearing, but it would not do so. Because a sale is essential to the *Plan*, the Debtors asked that the hearing date be continued for 30 days.

The fact that the potential buyer was not even willing to move up its consideration of the matter to before the hearing on the *Disclosure Statement* caused the Court to conclude that the "buyer" might not be all that serious about actually buying assets of the Debtors, something that did not at all bode well for success of the *Plan*. Based on the previous history of the cases, and the serious concerns about the *Plan* that had already been expressed on a number of occasions, the Court decided to convene an informal telephone status conference before deciding whether to grant the Motion, and to discuss what to do about the case in general.

The informal telephonic status conference was held on January 21, 2014 at 2:00 P.M. Representatives of the Debtors, the United States Trustee, the Official Committee of Unsecured Creditors, RBS, and Wells Fargo participated. Counsel for the Debtors reiterated some of the same allegations contained in the *Motion* and it became apparent to the Court that the prospects for an actual sale to take place pursuant to the *Plan* are fairly dim. The participants at the informal status conference unanimously agreed that the *Disclosure Statement* cannot be approved and the *Plan* cannot be confirmed based on the present state of matters. The Court therefore issued an Order denying the *Plan* and *Disclosure Statement*, cancelling the hearing that had been scheduled for January 27th, and denying the *Motion* as moot.

In addition to doing that, the Court also inquired as to where the cases should go from here. The creditors and the United States Trustee all seemed to agree that the cases should not continue on their present course, but that instead Chapter 11 trustees should be appointed or they should be converted to Chapter 7. As between those possibilities, however, there was not agreement, with, for instance, the Official Committee of Unsecured Creditors being opposed to a conversion because it fears that an immediate liquidation might be harmful to the unsecured creditors. Although these parties expressed the view that something needed to be done, none other than Wells Fargo[1] has actually done anything in that regard, or indicated a willingness to do so, or proposed its own plan of reorganization for the Debtors.

---

[1]    On June 25, 2013, Wells Fargo filed a *Motion to Convert Case from Chapter 11 to Chapter 7* in the Great Plains Exploration LLC case at Doc. No. 608. Consideration of that motion has been continued several times, and it is currently scheduled for another hearing on February 24, 2013. However, since that motion is in only one of the 3 cases, and since it may become moot in any event if Wells Fargo is granted relief from stay pursuant to another pending motion in that case, it is not a suitable vehicle for addressing the overall concerns about all three of the cases as set forth herein.

The Court advised the Parties that while it would prefer that they take the initiative to do something to bring the status of the cases into issue, under the circumstances it would act on its own if necessary. *See, 11 U.S.C. §105(a)* (power of Court to act *sua sponte* on matters that could be raised by a party in interest). The Court finds that the time has come to confront the future of these cases head on, and it will therefore issue this *Order to Show Cause* for that purpose.[2]

**AND NOW**, this **22nd** day of **January, 2014**, it is **ORDERED, ADJUDGED** and **DECREED** that each of **the Debtors** and **the Principals for each of the Debtors** are directed to appear on **February 19, 2014 at 10:00 A.M.**, in the Erie Bankruptcy Courtroom, U.S. Courthouse, 17 South Park Row, Erie, Pennsylvania 16501, for the purpose of showing cause why Chapter 11 Trustees should not be appointed in the cases, or alternatively, one or all of the cases should not be converted to Chapter 7.

Thomas P. Agresti, Judge
United States Bankruptcy Court

Case administrator to serve:

Robert Bernstein, Esq.          Scott Schuster, Esq.
Lawrence C. Bolla, Esq.         Kathy Robb, Esq.
Andrew Kassner, Esq.            Kurt Sundberg, Esq.
Frederick Rapone, Esq.          Donn Rosenblum, Esq.
Robert Paddock, Esq.            Debtors

---

[2]    This is not the first time the Court has taken a step such as this. *See, e.g.,* the Order of December 21, 2010 issued in *Creditron Financial Corporation*, Case No. 08-11289-TPA at Doc. No. 252.