IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | ) Case No. 12-10058-TPA |
| | ) |
| GREAT PLAINS EXPLORATION, LLC, | ) |
|     Debtor | ) Chapter 7 |
| | ) |
| GUY C. FUSTINE, CHAPTER 7 | ) Doc. No. ___ |
| TRUSTEE FOR GREAT PLAINS | ) |
| EXPLORATION, LLC, | ) |
|     Movant | ) |
| | ) |
| vs. | ) |
| | ) |
| RBS CITIZENS, N.A., FIRST MERIT | ) |
| BANK, N.A., OHIO DEPARTMENT OF | ) |
| JOB AND FAMILY SERVICES, OHIO | ) |
| DEPARTMENT OF TAXATION, LAKE | ) |
| COUNTY, OHIO TREASURER and | ) |
| RICHARD M. OSBORNE, SR., | ) Hearing Date and Time: |
|     Respondents | ) March 24, 2016 at 11:30 a.m. |

**TRUSTEE'S MOTION FOR PRIVATE SALE OF REAL AND
PERSONAL PROPERTY FREE AND DIVESTED OF LIENS**

AND NOW, this 29th day of February, 2016, comes Guy C. Fustine, Esquire, Chapter 7 Trustee, with this Motion for Private Sale of Real and Personal Property Free and Divested of Liens, as follows:

**INTRODUCTION**

1. The Bankruptcy Court has jurisdiction over this Motion under 28 U.S.C. §1334, 28 U.S.C. §157(a) and the Order of Reference to the Bankruptcy Court in the Western District of Pennsylvania. This Motion is filed pursuant to 11 U.S.C. §327, 11 U.S.C. §363 and the Bankruptcy Rules of Court. This is a "core" proceeding under 28 U.S.C. §157(b)(2).

2. On January 11, 2012, Great Plains Exploration, LLC ("Great Plains Exploration" or "GPE") filed a voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code.

1

3. The Debtor is represented by Bernstein-Burkley, P.C., 2200 Gulf Tower, Pittsburgh, Pennsylvania 15219, Attn: Robert S. Bernstein, Esquire.

4. No Official Creditors' Committee was appointed in the Great Plains Exploration case.

5. On November 14, 2014, the United States Trustee for Region 3 appointed the Movant to serve as the Chapter 11 Trustee. The appointment was approved by the Court on November 14, 2014 at Docket No. 997 . Knox McLaughlin Gornall & Sennett, P.C. was authorized to serve as attorney pro se for the Chapter 11 Trustee by Order dated December 8, 2014 at Docket No. 1025.

6. On January 13, 2016, the case was converted from a case under Chapter 11 to a case under Chapter 7.

7. On January 14, 2016, the United States Trustee for Region 3 appointed the Movant to serve as the Chapter 7 Trustee. Knox McLaughlin Gornall & Sennett, P.C. was authorized to serve as attorneys for the Chapter 7 Trustee by Order dated January 22, 2016 at Docket No. 1443.

## PROPERTY TO BE SOLD

8. The Trustee seeks to sell the subsurface mineral rights and interests in an oil and gas well owned by Great Plains Exploration and commonly referred to as Tin Man #1 (hereinafter referred to as "Tin Man #1" or the "Property"). The Property is described as follows:

> Any and all real estate improvements and real property rights, including any subsurface, oil, gas and mineral rights and oil and gas wells owned/operated by Debtor contained within Parcel ID No. 16-B-060-0-00-019-0, being approximately 18.6477 acres situated in the City of Mentor, Lake County, Ohio, including any and all rights and interests in and to the aforesaid parcel obtained by Quit Claim deed dated August 29, 2005 from Lightning Oil

2

    Company recorded in Lake County, Ohio at Deed No. 2005R036975, along with any real property improvements thereto; and including any subsurface interests and mineral rights underlying a 3.6387 Acre tract formerly in parcel Id. No. 16-B-060-0-00-020-0, which is now a part of parcel Id. No. 16-B-060-0-00-019-0 as above-described; as well as all rights and interests in an oil and gas well situated on parcel ID. No. 16-B-060-0-00-019-0, commonly referred to as "Tin Man #1" and bearing API # 34-085-210640000, including any production, proceeds and profits of said well, tangible personal property, equipment, systems, fixtures and improvements located on the above-described parcel and related to the operation of said well, including gas lines and piping and other appurtenances owned by Debtor in connection with production, treating, storing, transportation and marketing of hydrocarbons from said well, but only insofar as the same relate solely and specifically to said well.

9. The Property to be sold is more fully described in the attached Agreement of Sale.

**RESPONDENTS**

10. Respondent RBS Citizens, N.A. d/b/a Charter One Bank, N.A., maintains a place of business at 1215 Superior Avenue, 6th Floor, Cleveland, Ohio 44114, and is represented by Drinker, Biddle & Reath, LLP, One Logan Square, Suite 2000, Philadelphia, Pennsylvania 19103-6996, Attn: Andrew D. Kassner, Esquire and Andrew J. Flame, Esquire.  RBS Citizens, N.A. has a Mortgage filed of record on May 5, 2008 in the Lake County, Ohio Recorder's Office at Instrument No. 2008R012708, as modified; a UCC Financing Statement filed of record on May 5, 2008 with the State of Ohio, Secretary of State at Instrument No. 2008U000102; and, Judgment liens, as modified and/or continued, filed of record with the Lake County, Ohio Court of Common Pleas at Record No. 09JL004015 on August 24, 2009 and at Record No. 14J003248 on August 18, 2014.  RBS Citizens, N.A. also claims a blanket lien against all of the Debtor's assets by virtue of a post-Petition security interest which was approved by the Bankruptcy Court during the Chapter 11 proceeding, before the Chapter 11 Trustee was appointed.

11. FirstMerit Bank maintains a place of business at 1215 Superior Avenue, Cleveland, OH 44114. First Merit Bank is represented by William C. Price, Esquire, Thorp Reed & Armstrong, LLP, One Oxford Centre, 301 Grant Street, 14th Floor, Pittsburgh, Pennsylvania 15219. FirstMerit has a Mortgage on the surface parcels owned by the buyer of the Property, Jiggy, LTD, recorded October 30, 2009 at Instrument No. 2009R028373 in the Lake County, Ohio Recorder's Office. Although this appears to be a Mortgage against the surface estate, it does not attach to the Property being sold or to the proceeds of sale.

12. Ohio Department of Job and Family Services ("ODJFS") maintains a place of business or mailing address at P.O. Box 182404, Columbus, Ohio 43218-2404. ODJFS has two unemployment tax liens of record filed on December 13, 2011 and February 24, 2012 with the Lake County, Ohio Recorder's Office at File Nos. 2011L000929 and 2012L000100, respectively. ODJFS is represented by the Attorney General of the State of Ohio, Collection Enforcement Section, 150 E. Gay Street, 21st Floor, Columbus, OH 43215.

13. Ohio Department of Taxation ("ODT") c/o Rebecca L. Daum, Bankruptcy Division, maintains a place of business or mailing address at P.O. Box 530, Columbus, Ohio 43216. ODT has seven (7) judgment liens of record in the Lake County, Ohio Court of Common Pleas, filed between August 21, 2009 and September 10, 2009 at Case Nos. 09JL004006, 09JL004007, 09JL004008, 09JL004209, 09JL004275, 09JL004276 and 09JL004277.

14. Lake County, Ohio Treasurer ("LCT") maintains a place of business at 105 Main Street, Painesville, Ohio 44077. LCT may have a tax lien against the Property for past due or current real estate property taxes. LCT filed a Proof of Secured Claim at Claim No. 19 on May 25, 2012 in the GPE case. LCT is represented by Gianine A. Germano, Esquire, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, Ohio 44077.

15. Richard M. Osborne, Sr. maintains a business address at 7001 Center Street, Mentor, OH 44060. Richard M. Osborne, Sr. is the principal and equity security interest holder of the Debtor, and has alleged various claims against the Debtor and the estate. Mr. Osborne is represented by Richard A. Baumgart, Esquire, Dettelbach, Sicherman & Baumgart, 1100 Ohio Savings Plaza, 1801 East 9th Street, Cleveland, OH 44114-3169.

## PROPOSED SALE OF PROPERTY

16. The Debtor owns the subsurface mineral rights and interests in Tin Man #1, referred to as the Property.

17. The Respondents have liens, claims, encumbrances or other interests in the Property as identified above.

18. Subject to Bankruptcy Court approval, the Trustee has entered into an Agreement of Sale ("Agreement") to sell and/or assign the Property to Jiggy, Ltd. (the "Purchaser" or "Assignee") for $250,000.

19. Jiggy, Ltd. is an Ohio limited liability company with a mailing address at 6011 Heisley Road, Mentor, Ohio 44060. Jiggy, Ltd. is represented by William M. Buchanan, Esquire, Burns White, LLC, Four Northshore Center, 106 Isabella Street, Pittsburgh, Pennsylvania 15212.

20. A fully executed copy of the Agreement of Sale is attached hereto as Exhibit A.

21. The Trustee requests the sale be ordered to take place free and clear of all liens, claims, encumbrances and other interests; and, that the liens, claims, encumbrances and other interests be divested from the Property and transferred to the proceeds of the sale to the extent that they are found to be valid, enforceable and unavoidable.

22. The Trustee requests that the costs of sale be paid in full from the proceeds of sale before any distribution to creditors, including but not limited to the transfer taxes, closing costs, Trustee commission and legal fees, as may be approved by the Court after notice and hearing.

23. The best interest of the estate and creditors will be served if the Trustee is authorized to sell the Property in the form and manner contemplated by the Agreement, subject to higher and better offers at the time of the Bankruptcy Court's sale confirmation hearing.

24. The Purchaser understands that the Trustee is obligated to present this Motion for Bankruptcy Court approval and that other parties will be given the opportunity to bid more for the Property at the time of the sale confirmation hearing.

25. The Bankruptcy Court will establish a bidding procedure to be followed if a higher and better offer is made at the time of the hearing. The bidding procedure usually requires that the terms and conditions of any competing bid must be the same as the terms and conditions set forth in the Agreement, except for the increased purchase price.

26. The Purchaser also understands that any contingencies must be satisfied in advance of the sale confirmation hearing.

27. The Purchaser is acting in good faith as required by In re: Abbott's Dairies of Pennsylvania, Inc., 788 F.2d 143 (3rd Cir. 1986).

28. The Property is available for inspection. Arrangements for inspection should be made with the Trustee. Any interested parties should act promptly.

WHEREFORE, the Trustee prays for the entry of an order (a) authorizing the Trustee to sell and/or assign the Property free and clear of the above-described liens, claims, encumbrances and interests to Jiggy, Ltd. for $250,000, in accordance with the terms and conditions of the Agreement of Sale; (b) ordering that the liens, claims, encumbrances and other interests in, to

and against the Property be divested therefrom; (c) ordering that the liens, claims, encumbrances and other interests be transferred to the proceeds of sale, but only to the extent that they are found to be valid, enforceable and unavoidable; (d) ordering that the Court-approved costs of sale be paid in advance of any distribution to creditors; and, (e) ordering that the Trustee have such other and further relief as is reasonable and just.

          Respectfully submitted,

          KNOX McLAUGHLIN GORNALL &
          SENNETT, P.C.


By:   */s/ Guy C. Fustine*
      Guy C. Fustine, Esquire
      Chapter 7 Trustee
      PA I.D. No. 37543
      120 West Tenth Street
      Erie, Pennsylvania  16501-1461
      (814) 459-2800
      gfustine@kmgslaw.com

\# 1676361.v1